## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | |
|---|---|
| **CASSI SMITH, Individually and On Behalf of All Others Similarly Situated,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 3:22-cv-00980** |
| vs. | **JURY TRIAL DEMANDED** |
| **JILL – EST INC. D/B/A BLUE GOOSE CANTINA, BGHVXX INC. D/B/A BLUE GOOSE CANTINA, BGFXX INC. D/B/A BLUE GOOSE CANTINA, BGMXX INC. D/B/A BLUE GOOSE CANTINA, BGGVXX INC. D/B/A BLUE GOOSE CANTINA, BGFWXX LLC, D/B/A BLUE GOOSE CANTINA, and BGCX INC. D/B/A BLUE GOOSE CANTINA.** | |
| **Defendants.** | |

### PLAINTIFF'S ORIGINAL COMPLAINT

### SUMMARY OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of minimum standard of living necessary for health, efficiency and general well-being of workers ...." 29 U.S.C. § 202(a). To achieve its goals, the FLSA sets minimum wage requirements for covered employees. 29 U.S.C. §§ 206(a) and 207(a).

2. The FLSA allows employers to pay less than the minimum wage to employees who receive tips. 29 U.S.C. § 203(m). In doing so, employers may take a "tip credit," which allows employers to include in their calculation of tipped employees' wages the amount that an employee receives in tips. *Id*. An employer must advise an employee *in advance of its use of the tip credit* pursuant

to the provisions of section 3(m) of the FLSA. That is, the employer must inform the employee (1) the amount of the cash wage that is to be paid to the tipped employee (2) the amount by which the wages of the tipped employee are increased on account of the tip credit (3) that all tips received by the employee must be retained by the employee except for tips contributed to a valid tip pool and (4) that the tip credit shall not apply to any employee who does not receive the notice.

3. Defendants violated the FLSA by:

(A)  failing to provide adequate notice of their payment of a reduced minimum wage to servers, bartenders and other tipped employees (collectively "tipped employees");

(B)  requiring tipped employees to spend more than 20% of their time and continuous periods of time exceeding 30 minutes at work engaged in non-tipped side work related to the tipped profession; and

(C)  requiring tipped employees to perform non-tipped side work unrelated to the tipped profession.

4. Defendants' practice of failing to pay tipped employees pursuant to 29 U.S.C. § 203(m) violates the FLSA's minimum wage provision. *See 29* U.S.C. §§ 203, 206. As a result, Defendants lose their right to rely on the tip credit and must compensate Plaintiff at the full minimum wage rate. Additionally, Plaintiff is entitled to tips Defendants misappropriated.

5. Plaintiff brings a statewide collective action at all Blue Goose Cantina restaurants to recover the unpaid wages owed to her and all other similarly situated employees, current and former pursuant to 29 U.S.C. § 216(b). Members of the Collective Action are hereinafter referred to as "Class Members."

6. Plaintiff also prays that the class of similarly situated tipped employees statewide be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## SUBJECT MATTER JURISDICTION AND VENUE

7. This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

8. Venue is proper in the Northern District of Texas Dallas Division because Defendants do business in this District and Division, employ tipped employees in this District and Division, and a substantial portion of the events forming the basis of this suit occurred in this District and Division.

## PARTIES & PERSONAL JURISDICTION

9. Plaintiff Cassi Smith is an individual residing in Grayson County, Texas. Plaintiff's written consent to this action is attached to this Complaint as "Exhibit 1."

10. The Class Members are current and former tipped employees employed by Defendants.

11. Defendant JILL - EST INC. d/b/a Blue Goose Cantina is a for-profit domestic corporation, which does business in Dallas, Texas. Defendant may be served with process at: Robert Rosen, 11300 N Central Expwy., #103, Dallas, Texas 75243.

12. Defendant BGHVXX INC. d/b/a Blue Goose Cantina is a for-profit domestic corporation, which does business in Highland Village, Texas. Defendant may be served with process at: Robert Rosen, 11300 N Central Expwy., #103, Dallas, Texas 75243.

13. Defendant BGFXX INC. d/b/a Blue Goose Cantina is a for-profit domestic corporation, which does business in Frisco, Texas. Defendant may be served with process at: Robert Rosen, 11300 N Central Expwy., #103, Dallas, Texas 75243.

14. Defendant BGMXX INC. d/b/a Blue Goose Cantina is a for-profit domestic corporation, which does business in McKinney, Texas. Defendant may be served with process at: Robert Rosen, 11300 N Central Expwy., #103, Dallas, Texas 75243.

15. Defendant BGGVXX INC. d/b/a Blue Goose Cantina is a for-profit domestic corporation, which does business in Grapevine, Texas. Defendant may be served with process at: Robert Rosen, 11300 N Central Expwy., #103, Dallas, Texas 75243.

16. Defendant BGFWXX LLC d/b/a Blue Goose Cantina is a for-profit limited liability company, which does business in Fort Worth, Texas. Defendant may be served with process at: Nicholas Peterson, 15058 Beltway Dr., Addison, Texas 75001.

17. Defendant BGCX INC. d/b/a Blue Goose Cantina is a for-profit corporation, which does business in Plano, Texas. Defendant may be served with process at: Robert Rosen, 11300 N Central Expwy., #103, Dallas, Texas 75243.

## FLSA COVERAGE

18. At all material times, Defendants have been an employer within the meaning of 3(d) of the FLSA. 29 U.S.C. § 203(d).

19. At all material times, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because they have had employees engaged in commerce. 29 U.S.C. § 203(s)(1).

20. Furthermore, Defendants have had, and continue to have, an annual gross business volume in excess of the statutory standard.

21. At all material times, Plaintiff was an individual employee who engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. § 206-207.

## FACTS

22. Defendants jointly engage in the business of providing Tex-Mex food through a joint workforce. According to its website, Blue Goose Cantina is a family owned and operated restaurant chain of seven Texas-based Tex-Mex Restaurants.[1]

23. To the extent that any one entity named as a Defendant in this lawsuit does not satisfy the standard for enterprise coverage, they each jointly constitute a single unified enterprise. *See* 29 C.F.R. § 1620.7(b).

24. Defendants performed related activities in employing Plaintiff and the putative Collective Action Members to provide its restaurant patrons with service. The single enterprise operated through unified operation or common control for a common business purpose. Indeed, Defendants' operation is family owned and operated.

25. Furthermore, the single enterprise Defendants all employed and/or jointly employed Plaintiff and the putative Collective Action Members at times relevant to this lawsuit.

26. The single enterprise Defendants may be technically separate, but in fact related or overlapping employers. Specifically, the single enterprise is generally owned and controlled by the same family, and relevant employment decisions were made by members of the family. Accordingly, each entity Defendant in this case jointly employed Plaintiff and the putative Collective Action Members.

27. In the alternative, the single enterprise Defendants jointly exerted or could exert control over hiring and firing decisions relative to Plaintiff and the putative Collective Action Members, jointly supervised and controlled Plaintiff and the putative Collective Action Members' work schedules or conditions of employment jointly determined Plaintiff and the putative Collective

---

[1] https://www.bluegoosecantina.com/about-us/ (last visited on April 30, 2022).

Action Members' rate and method of payment, including allegedly violative pay policies and/or practices, and jointly maintained such employment records as exist relative to Plaintiff and the putative Collective Action Members.

28. Defendants operate a statewide chain of restaurants called Blue Goose Cantina.

29. Defendants employ tipped employees to provide services to its restaurant patrons.

30. Plaintiff was employed as a server at Defendants' McKinney, Texas Blue Goose Cantina restaurant from on or around September of 2021 to March of 2022.

31. Defendants pay its tipped employees at an hourly rate below minimum wage plus tips. By paying Plaintiff and Class Members less than the minimum wage per hour, Defendants are taking advantage of a tip credit which allow Defendants to include in its calculation of wages a portion of the amounts Plaintiff receives as tips.

32. Defendants did not satisfy the strict requirements under the FLSA that would allow them to pay a tip credit.

33. Defendants maintained a policy and practice whereby they failed to provide tipped employees with the statutorily required notice that Defendants intended to pay tipped employees the tipped minimum wage rate.

34. Defendants maintained a policy and practice whereby tipped employees were required to perform non-tip producing side work *unrelated* to the employees' tipped occupation. As a result, tipped employees are engaged in a dual occupation while being compensated at the tip credit rate.

35. Defendants also maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time, more than 20 percent of the time or for a continuous period of time exceeding 30 minutes, performing non-tip producing side work *related* to the employees' tipped occupation.

36. Specifically, Defendants maintained a policy and practice whereby tipped employees were required to spend a substantial amount of time performing non-tip producing side work, including, but not limited to, general cleaning of the restaurant, setting tables, refilling condiments, and clearing tables.

37. Defendants required tipped employees to perform non-tipped side work at the start and end of every shift. This included times before the restaurant opened and times after it closed and customers were not dining (and tipping) at the restaurant.

38. As a result, tipped employees spent in excess of two hours and more than twenty percent of their work time engaged in side work duties. Additionally, these tipped employees performed side work duties for a continuous period of time exceeding 30 minutes.

39. Tipped employees also were engaged in "dual job" tasks.

40. Defendants paid tipped employees for this work at or below the reduced tip credit minimum wage rate.

41. The side work and dual job tasks that Defendants required tipped employees to perform included but was not limited to: (1) food preparation; (2) cleaning bathrooms; (3) refilling condiment bottles; (4) rolling silverware; (5) clearing tables; (6) sweeping; (7) folding napkins; (8) cleaning around beverage station.

42. The side work and dual job duties described above are not specific to particular customers, tables, or sections, but are performed in mass quantities for the entire shift or for future shifts.

43. Defendants' timekeeping system was capable of tracking multiple job codes for different work assignments.

44. Because Defendants violated the FLSA's tipped employee requirements, Defendants lose the right to take a credit toward their minimum wage obligations.

45. As such, the Plaintiff and other tipped employees were not compensated at the federally mandated minimum wage. Plaintiff's and Class Members' tips have also been misappropriated by Defendants as a result of its wage violations.

46. Defendants know or should have known that their policies and practices violate the FLSA, and Defendants have not made a good faith effort to comply with the FLSA. Rather, Defendants knowingly, willfully, and/or with reckless disregard of the law carried and continue to carry out their illegal pattern and practice regarding its tipped employees. Defendants' method of paying Plaintiff and Class Members in violation of the FLSA was not based on a good faith and reasonable belief that its conduct complied with the FLSA. Therefore, Plaintiff and Class Members are entitled to a three-year statute of limitations.

## COLLECTIVE ACTION ALLEGATIONS

47. Plaintiff has actual knowledge that Class Members have also been denied pay at the federally mandated minimum wage rate. These employees are/were subject to the same illegal pay practice described above.

48. Defendants takes a tip credit against their minimum wage obligations for the Plaintiff and all of its tipped employees. This pay practice applies statewide to all of its restaurant locations.

49. The Class Members perform or have performed the same or similar work as the Plaintiff.

50. Class Members are not exempt from receiving pay at the federally mandated minimum wage rate under the FLSA.

51. As such, Class Members are similar to Plaintiff in terms of job duties, pay structure, and/or the denial of minimum wage.

52. Defendants' failure to pay for hours worked at the minimum wage rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the Class Members.

53. The experiences of Plaintiff, with respect to her pay, is typical of the experiences of the Class Members.

54. The specific job titles or precise job responsibilities of each Class Member does not prevent collective treatment.

55. All Class Members, irrespective of their particular job requirements, are entitled to compensation for hours worked at the federally mandated minimum wage rate.

56. Although the exact amount of damages may vary among Class Members, the damages for the Class Members can be easily calculated by a simple formula. The claims of all Class Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all Class Members.

57. Due to the inherent nature of Defendants' tip credit and side work policies, all of Defendants' employees subject to a tip credit are similarly situated with respect to the violation.

53. As such, the class of similarly situated Plaintiffs is properly defined as follows:

> **Current and former tipped employees at all Blue Goose Cantina Texas locations from three years prior to the date of filing this Original Complaint to the present.**

## CAUSE OF ACTION
### Fair Labor Standards Act – Minimum Wages
### (Brought on behalf of Plaintiff and the FLSA Class)

54. Plaintiff, on behalf of herself and the FLSA Class Members, allege and incorporate by reference all allegations in all preceding paragraphs.

55. Defendants have engaged in a widespread pattern, policy, and practice of violating the FLSA, as detailed in this Original Class Action Complaint.

56. At all relevant times, Defendants have been, and continue to be, an employer engaged in interstate commerce and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendants have employed "employee[s]," including Plaintiff and the FLSA Class Members.

57. Defendants were required to pay directly to Plaintiff and the FLSA Class Members the applicable state minimum wage rates for all hours worked.

58. Defendants failed to pay Plaintiff and the FLSA Class Members the minimum wages to which they are entitled under the FLSA.

59. Defendants were not eligible to avail themselves of the federal tipped minimum wage rate under the FLSA, 29 U.S.C. §§ 201, *et seq.*, because Defendants failed to inform Plaintiff and FLSA Class Members of the provisions of subsection 203(m) of the FLSA.

60. Defendants also required Plaintiff and the FLSA Class Members to perform a substantial amount of dual job duties and side work in excess of twenty percent of their work time or for a continuous period of time exceeding 30 minutes. During these periods, Defendants compensated Plaintiff and the FLSA Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201, *et seq.*

61. Defendants also regularly required Plaintiff and the FLSA Class Members to perform non-tipped side work *unrelated* to their tipped occupation such as cleaning the restrooms, cleaning the kitchen, and preparing salads. During these periods, Defendants compensated Plaintiff and the FLSA Class Members at the tipped minimum wage rate rather than at the full hourly minimum wage rate as required by 29 U.S.C. §§ 201*, et seq.*

62. Defendants' unlawful conduct, as described in this Original Class Action Complaint, has been willful and intentional. Defendants were aware or should have been aware that the practices described in this Original Class Action Complaint were unlawful. Defendants have not made a good faith effort to comply with the FLSA with respect to the compensation of Plaintiff and the FLSA Class Members.

63. Because Defendants' violations of the FLSA have been willful, a three-year statute of limitations applies, pursuant to 29 U.S.C. §§ 201*, et seq.*

64. As a result of Defendants' willful violations of the FLSA, Plaintiff and the FLSA Class Members have suffered damages by being denied minimum wages in accordance with the FLSA in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. §§ 201*, et seq.*

## JURY DEMAND

65. Plaintiff demands a jury trial.

## DAMAGES SOUGHT

66. Plaintiff asks that the Court issue a summons for Defendants to appear and answer and that Plaintiff and the putative Collective Action Members be awarded a judgment against Defendants or order(s) from the Court for the following:

a. An order conditionally certifying this case as an FLSA collective action and requiring notice to be issued to all putative collective action members;

b. An order designating Plaintiff's counsel below as Class Counsel for the FLSA collective action defined herein;

c. All damages allowed by the FLSA, including back wages;

d. Liquidated damages in an amount equal to FLSA-mandated back wages;

e. Legal fees;

f. Costs;

g. Post-judgment interest;

h. All other relief to which Plaintiff and the collective action members may be justly entitled.

Date: May 2, 2022

Respectfully submitted,

By: */s/ Ricardo J. Prieto*
Ricardo J. Prieto
State Bar No. 24062947
rprieto@eeoc.net
Melinda Arbuckle
State Bar No. 24080773
marbuckle@eeoc.net
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, TX 77046
(713) 621-2277 – Telephone
(713) 621-0993 – Facsimile

ATTORNEYS FOR PLAINTIFF AND PUTATIVE COLLECTIVE ACTION MEMBERS